(Not for Publication)  (Docket Entry Nos. 13, 14, 17)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
FRED MULLIN, et al.,                :
                                    :
            Plaintiffs,             :   Civil No. 07-3327 (RBK)
                                    :
        v.                          :   **OPINION**
                                    :
AUTOMOBILE PROTECTION              :
CORPORATION, t/a EASY CARE,        :
                                    :
            Defendant.              :
_____:

**KUGLER**, United States District Judge:

       Plaintiffs allege that Defendant Automobile Protection Corporation ("APCO") violated the New Jersey Consumer Fraud Act ("NJCFA") and the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("NJTCCA").  Presently before the Court are Plaintiffs' motion for partial summary judgment and for class certification as to the NJTCCA claims and Defendant's cross motion for summary judgment.  For the reasons stated below, Plaintiffs' motion for partial summary judgment will be granted, Defendant's motion for summary judgment will be denied, and Plaintiffs' motion for class certification will be denied without prejudice.

**I. Background**

       On September 10, 2004, Plaintiffs Raymond and Fred Mullin bought a used 1999 Dodge

Durango from Winner Ford in Cherry Hill, New Jersey. Plaintiff Raymond Mullin completed an application for a vehicle service contract ("the contract") offered by Defendant APCO. The application stated that all disputes under the contract would be subject to binding arbitration. The application further stated that each party must bear its own costs for attorneys, experts and witnesses, regardless of who prevails in the arbitration.

On or about September 26, 2006, the engine of Plaintiffs' Durango failed. Plaintiffs submitted a claim to APCO, which APCO denied on October 9, 2006. APCO advised Plaintiffs that any dispute arising under the contract must be submitted to binding arbitration.

Plaintiffs filed an Amended Class Action Complaint in the Superior Court of New Jersey on June 19, 2007. APCO removed the case to this Court on July 19, 2007. Plaintiffs allege that APCO's actions and form contracts violate the NJCFA and the NJTCCA. Plaintiffs bring these claims individually and on behalf of the proposed class.

On February 22, 2008, Plaintiffs filed two motions with respect to their NJTCCA claims: a motion for class certification and a motion for partial summary judgment. APCO opposed these motions, and filed a cross motion for summary judgment on March 24, 2008.

**II. Motions for Summary Judgment**

    **A. Standard**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). When the Court

weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### B. New Jersey Consumer Fraud Act Claims

In order to bring a claim under the NJCFA, a plaintiff must prove (1) unlawful conduct by the defendant, (2) an ascertainable loss by the plaintiff, and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's loss. Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., 929 A.2d 1076, 1086 (N.J. 2007). Plaintiffs' motion for partial summary judgment does not address the NJCFA claims. APCO moves for summary judgment on these claims, arguing that (1) APCO has not engaged in unlawful conduct and (2) Plaintiffs have suffered no ascertainable loss. The Court finds that Plaintiffs have presented a

sufficient showing of ascertainable loss, and a sufficient explanation as to why they have not yet presented evidence of unlawful conduct. Therefore, APCO's motion for summary judgment as to the NJCFA claims is premature and is denied without prejudice.

### 1. Unlawful conduct

APCO first argues that it should be granted summary judgment on the NJCFA claims because APCO has not committed any unlawful conduct. APCO focuses on the arbitration provision and states that it is not unconscionable. Plaintiffs argue that their NJCFA claims are not based on the arbitration clause, but rather are based on APCO's refusal to honor the contract and repair Plaintiffs' vehicle. Plaintiffs claim that APCO's unlawful conduct consists of entering into contracts it has no intention of honoring.

The NJCFA defines "unlawful practice" as:

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid . . . .

N.J. STAT. ANN. § 56:8-2 (West 2001). A breach of contract alone does not violate the NJCFA. Palmucci v. Brunswick Corp., 710 A.2d 1045, 1049 (N.J. Super. Ct. App. Div. 1998). However, making a promise, without intending to fulfill it, is a misrepresentation constituting fraud. See Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1186 (3d Cir. 1993) (discussing fraud, but not NJCFA).[1] Because it may be reasonably inferred from the Plaintiffs' complaint that their

---

[1] While the definition of common law fraud differs from the definition of fraud under the NJCFA, the common law definition is more demanding. See Gennari v. Weichert Co. Realtors, 672 A.2d 1190, 1205 (N.J. Super. Ct. App. Div. 1996) (rejecting argument that common law definition of fraud should be applied to NJCFA claims).

NJCFA act allegations go beyond mere breach of contract, the Plaintiffs have made an adequate allegation of unlawful conduct.  See Allstate Can Corp. v. American Nat'l Can Co., No. 89-3759, 1990 WL 124840, at *3 (D.N.J. Aug. 21, 1990).

Plaintiffs, however, have presented no evidence to support their claim that APCO never intended to fulfill its obligations under the contract.  Plaintiffs invoke Federal Rule of Civil Procedure 56(f), arguing that they are unable to provide support for the NJCFA claims at this time because discovery as to these claims has not yet been conducted.  Under Rule 56(f), a court may deny a motion for summary judgment where the party opposing the motion "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(f).  Here, Plaintiffs have provided a declaration by co-counsel explaining that Plaintiffs have not yet conducted merits discovery because the court delayed merits discovery until after all dispositive motions have been decided. The Court finds this declaration satisfies Rule 56(f).  Therefore, APCO's first argument in support of its motion for summary judgment on the NJCFA claims, that APCO has not committed any unlawful conduct, is premature.

### 2. Ascertainable Loss

APCO's second argument in support of its motion for summary judgment on the NJCFA claims is that Plaintiffs have suffered no ascertainable loss as a result of the arbitration provision in the contract.  Again, Plaintiffs respond that their NJCFA claims are based on APCO's alleged misrepresentation in entering into contracts it had no intention of honoring.  Plaintiffs allege that their ascertainable loss under the CFA is that they have not received the benefit of the protection they purchased.

Under the NJCFA, an "ascertainable loss" is a loss that is quantifiable and, in cases

5

involving breach of contract, may be an out-of-pocket loss or a loss in value. See Thiedemann v. Mercedes-Benz USA, LLC, 872 A.2d 783, 792-93 (N.J. 1996). A plaintiff has suffered an ascertainable loss when, in purchasing an item, he "receives something less and different from what she reasonably expected under the agreement." See Jorge v. Toyota Motor Ins. Servs., Inc., 2006 WL 2129026, at *5 (N.J. Super. Ct. App. Div. Aug. 1, 2006). In purchasing a vehicle service agreement, a consumer "presumably . . . expect[s] that parts and components covered under the agreement would be repaired in accordance with the agreement, should the need for repairs arise." Id.; see also Cannon v. Cherry Hill Toyota, 161 F. Supp. 2d 362, 373 n.4 (D.N.J. 2001) (finding no ascertainable loss because plaintiff received extended warranty protection she purchased). Here, Plaintiffs, who have provided deposition testimony that they did not receive the protection for which they paid, have made a sufficient showing of ascertainable loss to prevent summary judgment for APCO. Therefore, the Court rejects APCO's second argument in support of its motion for summary judgment on the NJCFA claims. Because APCO has failed to show it is entitled to summary judgment based on the issue of ascertainable loss, and because APCO's argument on the issue of unlawful conduct is premature, APCO's motion for summary judgment as to the NJCFA claims is denied without prejudice.

**C. New Jersey Truth-in-Consumer Contract, Warranty and Notice Act Claims**

Plaintiffs have moved for partial summary judgment on their NJTCCA claims, and APCO has opposed Plaintiffs' motion and moved for summary judgment in its favor. Because the Court finds that the APCO contract violated the NJTCCA, the Plaintiffs' motion will be granted and APCO's motion will be denied.

The NJTCCA prohibits sellers from entering into written consumer contracts which

contain "any provision that violates any clearly established legal right of a consumer . . . ." N.J. STAT. ANN. § 56:12-15 (West 2001).  The parties disagree over whether APCO has violated a clearly established consumer right.  Plaintiffs argue that the NJCFA creates a clearly established right to recover attorneys' fees, filing fees, and costs, and that the portion of their contract with APCO that states that each party shall bear its own costs of arbitration violates this right.  APCO argues that (1) Plaintiffs do not have a right to attorneys' fees because they have not established a violation of the NJCFA; (2) the only case Plaintiffs' cite to support the right to attorneys' fees was decided in 2006, after Plaintiffs entered into their contract, and therefore any right to attorneys' fees did not exist before 2006; and (3) Plaintiffs waived the right to attorneys' fees, and a right that has been waived cannot be violated.

### 1.  Right to Attorneys' Fees and Costs

A party who successfully brings an NJCFA claim is entitled to recover "reasonable attorneys' fees, filing fees and reasonable costs of suit." N.J. STAT. ANN. § 56:8-19 (West 2001). In Delta Funding Corp. v. Harris, the New Jersey Supreme Court stated that "defendants may not limit a consumer's ability to pursue the statutory remedy of attorney's fees and costs when it is available to prevailing parties." 912 A.2d 104, 113 (N.J. 2006).

APCO claims that Delta Funding did not create a right to attorneys' fees and costs, and that even if it did create such a right, the right did not exist when Plaintiffs entered into their agreement with APCO in 2004.  The Court agrees that Delta Funding did not create a right to recover attorneys' fees and costs.  Rather, the NJCFA, which was in existence at the time the parties entered into their contract, created this right.

APCO claims that the right to attorneys' fees and costs does not arise until Plaintiffs

establish a violation of the NJCFA.  APCO claims that Plaintiffs cannot establish a violation of the NJCFA, and therefore have no right to attorneys' fees and costs.  The Court finds, however, that the language of the NJCFA itself, not a violation of the NJCFA, creates a right to recover attorneys' fees and costs.  Thus, Plaintiffs need not prove a violation of the NJCFA in order to recover under the NJTCCA.  Under the NJTCCA, unlike under the NJCFA, a plaintiff is not required to prove actual damages.  See Barrows v. Chase Manhattan Mortgage Corp., 465 F. Supp. 2d 347, 362 (D.N.J. 2006).  All a plaintiff must show is that "a contract or notice simply contains a provision prohibited by state or federal law . . . ."  Id.  Here, the contract provision precludes a plaintiff from ever recovering attorneys' fees and costs if the plaintiff brings a NJCFA claim, and thus the provision itself violates a clearly established right.

### 2. Waiver

APCO claims that even if the NJCFA establishes a right to attorneys' fees and costs for a prevailing plaintiff, Plaintiffs in this case waived this right by signing the contract.  Where a party voluntarily waives a clearly established right, there is no violation of the NJTCCA.  See Salvadori v. Option One Mortgage Corp., 420 F. Supp. 2d 349, 355 (D.N.J. 2006) ("The focus of the Act is to preclude violations of clearly established rights, not the voluntary waiver of rights.").

"Waiver of statutory rights provisions in arbitration agreements must be clear and explicit."  Gras v. Associates First Capital Corp., 786 A.2d 886, 893 (N.J. Super. Ct. App. Div. 2001).  In a recent case, the Appellate Division of the New Jersey Superior Court found that an arbitration clause that did not did not inform consumers that they were waiving their right to trial of statutory claims or their right to a jury trial was unenforceable.  See Kuhn v. Terminix, No. L-

8

2834-07, 2008 WL 1987432, at *2 (N.J. Super. Ct. App. Div. May 9, 2008).  The arbitration agreement in Kuhn stated that "any controversy or claim between the [parties] arising out of or relating to the interpretation, performance or breach of this agreement shall be settled exclusively by arbitration."  Id. at *1.  The court found that this provision did not clearly state that the consumers were waiving their rights to pursue statutory claims in court.  Id. at *2.

APCO argues that Kuhn is not applicable, and instead relies on Salvadori, where the court enforced an arbitration provision, finding that a consumer had waived his right to a jury trial.  420 F. Supp. 2d at 355.  In Salvadori, the contract explicitly stated that "both of us are waiving our rights to have disputes resolved in court by a judge or jury."  Id. at 352.  Further, the contract stated that it applied to claims "includ[ing], but not limited to federal or state contract, tort, statutory, regulatory common law and equitable claims."  Id.  The plaintiff then claimed that the agreement was unenforceable under the NJTCCA because it violated his right to a jury trial.  Id. at 355.  The court rejected this argument, finding that the contract did not violate any clearly established right.  Id.

The contract in this case is more similar to the contract in Kuhn than to the contract in Salvatori.  Like the contract in Kuhn, the contract in this case did not clearly state that the Plaintiffs were waiving their statutory rights.  By contrast, the contract in Salvadori specifically stated that the parties were waiving their rights to have disputes, including statutory claims, resolved by a jury trial.  Thus, the Court finds that by signing the contract, Plaintiffs did not waive their statutory rights to recover attorneys fees and costs under the NJCFA.  Because Plaintiffs have established a clearly established right to attorneys' fees and costs under the NJCFA, and did not waive this right, the Court finds that Plaintiffs are entitled to summary

9

judgment on their NJTCCA claims.

Having granted Plaintiffs' motion for partial summary judgment, the Court will grant Plaintiffs' request for declaratory relief and will order that Plaintiffs be awarded a civil penalty in the amount of $100.00 plus reasonable attorneys' fees and court costs.  The NJTCCA provides that any person who violates the act "shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs." N.J. STAT. ANN. § 56:12-17.  Here, Plaintiffs have sought only the civil penalty, and not actual damages.  Therefore, the Court will award a civil penalty in the amount of $100.00, as well as attorneys' fees and costs.

### III. Motion for Class Certification

With respect to their NJTCCA claims, Plaintiffs have moved to certify a class consisting of:

> All New Jersey Residents, who, since May 2, 2001, have entered into vehicle service contracts with Defendant Automobile Protection Corporation that contain an arbitration provision that requires each party to bear the expense of their attorneys' fees, regardless of who ultimately prevails in arbitration.

Plaintiffs claim that the proposed class satisfies the requirements of Rule 23(a) and (b)(2).

**A. Standard for Class Certification**

In order to bring a class action, plaintiffs must satisfy Federal Rule of Civil Procedure 23(a) and one of the provisions of Rule 23(b).  Under Federal Rule of Procedure 23(a), a party seeking class certification must demonstrate the following:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims . . . of the representative parties are typical of the claims . . . of the class; and (4) the representative parties will fairly and adequately represent the interests of the class.

10

Further, under Rule 23(b)(2), plaintiffs must demonstrate that "the party opposing the class has acted . . . on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

    **B.  Class Certification**

Plaintiffs argue that the class meets all of the requirements of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.  In addition, Plaintiffs claim that APCO has acted on grounds that apply generally to the class, making injunctive or declaratory relief appropriate for the class.  Because the Court finds that Plaintiffs have not presented sufficient evidence to satisfy the numerosity requirement at this time, their motion for class certification is denied.

Neither party has provided an estimate of the class size.  According to APCO, it has entered into vehicle service contracts with at least 53,766 customers during the class period. Neither party, however, has provided an estimate of how many of these customers were New Jersey residents.  While "it is not necessary to demonstrate the precise number of class members when a reasonable estimate can be inferred from facts in the record," Szczubelek v. Cendant Mortgage Corp., 215 F.R.D. 107, 116 (D.N.J. 2003), a plaintiff seeking class certification must provide at least an estimate of the number of class members in order to satisfy the numerosity requirement.  See Bennett v. Corr. Med. Servs., Inc., No. 02-4993, 2008 WL 2064202, at *12 (D.N.J. May 14, 2008) (finding numerosity requirement not met for subclass where plaintiff did not estimate size).  Because Plaintiffs, by failing to provide an estimate of the class size, have failed to satisfy the numerosity requirement, the Court will deny their motion for class certification without prejudice.

IV. **Conclusion**

       For the reasons expressed above, Defendant's motion for summary judgment and Plaintiffs' motion for class certification are denied.  Plaintiffs' motion for partial summary judgment is granted.


Dated:   9-28-08                                     /s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge